UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GIVON C. CLEMONS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 12-0980-CV-W-DGK-P |
| LARRY DENNEY, et al., | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Crossroads Correctional Center in Cameron, Missouri, has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2006 convictions and sentences for two counts of first degree murder, two counts of first degree assault on a law enforcement officer, three counts of third degree assault on a law enforcement officer, one court of first degree assault, one count of unlawful use of a weapon, and six counts of armed criminal action, which were entered in the Circuit Court of Jackson County, Missouri. Petitioner raises two (2) grounds for relief, asserting that his trial counsel failed to adequately advise him of the State's guilty plea offer and failed to advise him that the defense of involuntary intoxication was invalid and that counsel improperly advised him to waive his right to a jury trial. Doc. No. 1. Respondent contends that the movant fails to establish that he received ineffective assistance.

### FACTUAL BACKGROUND

In affirming the judgment of conviction and sentence of the state circuit court denying petitioner's Rule 29.15 motion for post-conviction relief, the Missouri Court of Appeals, Western

District, set forth the following facts:

> After a bench trial, Givon Clemons was convicted of two counts of murder in the first degree, one count of robbery in the first degree, one count of assault in the first degree, one count of unlawful use of a weapon, two counts of assault of a law enforcement officer in the third degree, and six counts of armed criminal action. The charges were the result of Clemons's actions on the night of April 11, 2004, when he shot and killed two people and shot at four others, including two police officers. At the time of the shootings, Clemons had been smoking PCP and drinking for approximately one week.
>
> On November 30, 2006, Clemons was sentenced to two terms of life imprisonment without the possibility of parole for murder in the first degree, twenty years for robbery in the first degree, fifteen years for assault in the first degree, four years for the unlawful use of a weapon, two twenty-year terms for assault of a law enforcement officer in the first degree, three one-year terms for assault of a law enforcement officer in the third degree, and six fifteen-year terms for armed criminal action. Clemons's convictions and sentences were affirmed on direct appeal. *See State v. Clemons*, 259 S.W.3d 60 (Mo. App. W.D. 2008).
>
> Clemons thereafter filed a Rule 29.15 motion alleging ineffective assistance of counsel. In his motion, Clemons alleged that his trial counsel, Todd Schultz, provided ineffective assistance of counsel when he failed to adequately explain and convey the State's guilty plea offer to Clemons. He claimed that Schultz failed to advise him that a defense of diminished capacity based on voluntary intoxication is an invalid defense in Missouri. Clemons alleged that, but for counsel's erroneous advice, he would have accepted the State's plea offer instead of going to trial. Clemons further alleged in his motion that Schultz provided ineffective assistance of counsel when he erroneously advised Clemons to waive his right to a jury trial.
>
> Prior to trial, Clemons waived his right to a jury trial and informed the court that it was his free and voluntary decision to waive that right. Additionally, the prosecutor made a record of the State's plea offer before the court. She stated that in exchange for Clemons's plea of guilty, "the state recommended thirty years on murder in the second degree, three years on armed criminal action, and gave the defendant the opportunity to plead up to this court on the remaining counts." The court inquired as to whether Schultz had

2

communicated the State's offer to Clemons. Clemons responded that he had received the offer from his attorney and that he had decided to reject the offer and proceed to trial.

At trial, Schultz advanced a defense of diminished capacity based on Clemons's PCP intoxication. Schultz presented the testimony of Dr. Stephen Peterson in support of the defense. Dr. Peterson testified that Clemons would have been incapable of cool reflection or deliberation due to a PCP-induced psychosis. Dr. Peterson testified on cross-examination that he did not see any evidence of psychosis in the absence of PCP intoxication. During her closing argument, the prosecutor argued that under Missouri law, evidence of voluntary intoxication cannot be used to negate a defendant's mental state. The trial court found Clemons guilty of each count charged.

Clemons and Schultz both testified at the hearing on Clemons's Rule 29.15 claims. Clemons testified that Schultz informed him of the details of the State's plea offer. Clemons testified that during trial, he learned that the defense Schultz was advancing was not permissible under Missouri Law. Clemons stated that if had known that the defense of voluntary intoxication was invalid, he would have taken the State's plea offer and would not have proceeded to trial. Finally, Clemons testified that if he had known that the defense would have been invalid before a judge or before a jury, he would not have waived his right to a jury trial.

Schultz testified that he advised Clemons to waive his right to a jury trial because he believed that a bench trial would be in Clemons's best interest based on the nature of the defense being asserted. Schultz also believed that if the case proceeded to a jury trial, Dr. Peterson's testimony would have been inadmissible. Schultz stated that he told Clemons that the diminished capacity defense was not the best defense and that it was more or less a long shot. When relaying the State's plea offer to Clemons, Schultz recommended that Clemons take the State's offer rather than go to trial and advance the diminished capacity defense. Finally, Schultz testified that he did not believe he specifically stated that voluntary intoxication was a barred defense, but he did inform Clemons that the defense was a bad one and was likely not going to work.

In its judgment, the motion court found that Schultz advised Clemons that the defense of diminished capacity based on voluntary intoxication was not a good one and that it was a long shot. Schultz

3

also advised Clemons to waive a jury trial because he believed that most of the mental health evidence would be excluded if the case were tried before a jury. The State made a plea offer, and Schultz relayed it to Clemons. Clemons rejected the offer, agreed to waive his right to a jury trial, and proceeded with a bench trial.

The motion court noted that the failure to convey a plea offer can support a claim of ineffective assistance of counsel, but in this case, defense counsel did convey the offer to Clemons. Schultz further advised Clemons that the defense was bad and likely would not work. The motion court concluded that Schultz had conveyed the offer and informed Clemons of his opinion about the defense, and therefore, Schultz had not provided ineffective assistance of counsel. The motion court further found that where there was overwhelming evidence of Clemons's guilt, and the trial court was in a better position to evaluate the mental health evidence, Schultz was not ineffective in advising Clemons to waive his right to a jury trial. Accordingly, the motion court denied Clemons's Rule 29.15 motion. This appeal by Clemons followed.

Respondent's Exhibit J, pp. 2-5.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

---

[1]In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

4

**GROUND 1**

In Ground 1, the petitioner claims that he received ineffective assistance of counsel when his defense counsel failed sufficiently to explain the State's guilty plea offer. Specifically, he claims that counsel failed to advise him that "diminished capacity is an invalid defense as the result of a voluntary drug use. Nor did counsel advise movant that there would be no advantage in proceeding to trial, because even a valid diminished capacity defense would result in convictions for murder in the second degree." (Doc. No. 1, p. 18).

In order for petitioner successfully to assert a claim for ineffective assistance of trial counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999), cert. denied, 530 U.S. 1265 (2000).

"A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

First, petitioner claimed that trial counsel failed to convey the state's offer. Here, both the petitioner and counsel testified that the offer was communicated. The Rule 29.15 trial court found petitioner's attorney credible, adopted the attorney's version of events, ruled that petitioner was

5

aware of his jury trial rights, and received constitutionally sufficient assistance of counsel. Because the Rule 29.15 trial court found that defense counsel did convey the state's offer, petitioner's Ground 1 was rejected as a matter of fact. Respondent's Exhibit F, pp. 52-53. Further, the prosecutor independently made a record of the state's plea offer before the court. Respondent's Exhibit J, p. 3. Consequently, even if trial counsel did not inform petitioner of the plea, he knew about it from the court proceedings. Therefore, there was no breach of duty to petitioner under the Strickland standard.[2]

Second, petitioner claims that counsel gave poor advice concerning the effectiveness of a voluntary intoxication defense.[3] Again, the Rule 29.15 trial court found as fact that, after petitioner was advised of the state's plea offer, trial counsel advised petitioner that the diminished capacity defense was a "long shot" and most likely a "loser." Respondent's Exhibit F, pp. 52, 54. The Rule

---

[2] In ruling on petitioner's appeal from the denial of his Rule 29.15 motion, the Missouri Court of Appeals, Western District, held that Rule 29.15 did not provide a proper or effective remedy because petitioner did not allege that counsel's inaction affected the fairness of his trial; therefore, the state appellate court did not have the power to require the state to reinstate its plea offer even if petitioner had asked the court to do so. Respondent's Exhibit J, pp. 7-8 (citing Frye v. State, 311 S.W.3d 350, 361, n.7 (Mo. Ct. App. 2010). The United States Supreme Court subsequently overruled Frye and held that the Strickland standard applies to plea bargaining even where the defendant has received a full and fair trial. Missouri v. Frye, 132 S. Ct. 1399 (2012)(holding, among other things, that to establish prejudice, as an element if a claim of ineffective assistance of counsel, where a plea offer has lapsed or been rejected because of counsel's deficient performance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a lesser charge or a sentence of less prison time). Because petitioner's claim in Ground 1 also was rejected as a matter of fact by the Rule 29.15 state trial court, the United States Supreme Court's ruling does not affect this Court's denial of Ground 1 herein.

[3] Although petitioner claimed that there was no advantage to rejecting the state's offer and proceeding to trial, the Rule 29.15 trial court held that the advantage of rejecting the state's plea offer and of proceeding to trial was that petitioner could have been convicted of second degree murder or a lesser form of homicide and could have received a sentence of less than thirty years.

6

29.15 trial court held that, in informing petitioner of his opinion about the diminished capacity defense, trial counsel "employed the customary skill and diligence that reasonable competent attorney would perform under similar circumstances ands was not ineffective." Respondent's Exhibit F, p. 54.

Because these determinations are not contrary to clearly established federal law and not unreasonable "in light of the evidence presented in the State court proceeding," see 28 U.S.C. § 2254(d)(2); Smulls v. Roper, 535 F.3d 853, 864 (8th Cir. 2008) (federal courts must grant state court credibility determinations great deference on federal habeas review), cert. denied, 129 S. Ct. 1905 (2009), and because petitioner's personal statements are insufficient to rebut the presumption of correctness conferred upon state court factual determinations, see 28 U.S.C. § 2254(e)(1) (clear and convincing standard), Ground 1 will be denied.

## GROUND 2

In Ground 2, the petitioner contends that he received ineffective assistance of counsel because counsel advised him to waive his right to a jury trial. The Missouri Court of Appeals denied petitioner's claim of ineffective assistance as follows:

> In his second point on appeal, Clemons contends that the motion court clearly erred in denying his Rule 29.15 motion because trial counsel provided ineffective assistance by erroneously advising him to waive his right to a jury trial. Clemons claims if he had known that the diminished capacity defense was invalid, he would not have waived his right to a jury trial.
>
> If counsel's advice regarding the waiver of a jury trial is based on a reasonable trial strategy, there is no basis upon which to grant post-conviction relief. *Smith v. State*, 837 S.W.2d 25, 28 (Mo. App. W.D. 1992). Schultz testified at the post-conviction hearing that he advised Clemons to waive a jury trial because it would allow them to fully advance the diminished capacity defense. Schultz believed that if the case were tried before a jury, the evidence would be excluded.

7

> Schultz also believed that the trial court would be better able to assess the defense. The motion court found that the trial court was in a better position to evaluate the defense and noted that there was overwhelming evidence of Clemons's guilt. Therefore, the motion court found that Schultz was not ineffective in advising Clemons to waive his right to a jury trial. This finding is not clearly erroneous. Where Schultz's advise was based on a reasonable trial strategy, Clemons's claim does not warrant post-conviction relief. Clemons's second point is denied.

Respondent's Exhibit J, pp. 7-8.

As previously stated, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. Strickland v. Washington, 466 U.S. at 687-88. In applying the standard articulated in Strickland, the Missouri Court of Appeals, Western District, found that petitioner's trial counsel was not ineffective because petitioner failed to demonstrate that counsel's advice to waive his jury trial was not a reasonable trial strategy. The Missouri Court of Appeals, Western District, found that petitioner's trial counsel made a reasonable strategic decision to fully advance the diminished capacity defense, and such strategic decisions are virtually unchallengeable, especially under 28 U.S.C. § 2254. Strickland, 466 U.S. at 690-91; Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009); see also Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987) ("[T]he courts must resist the temptation to second-guess a lawyer's trial strategy; the lawyer makes choices based on the law as it appears at the time, the facts as disclosed in the proceedings to that point, and his best judgment as to the attitudes and sympathies of judge and jury.").

Furthermore, petitioner failed to demonstrate prejudice because there was no reasonable probability that the outcome of sentencing would have been different, in that there was overwhelming evidence of Clemons's guilt. Because the state court's determinations were not based upon

8

"unreasonable determination[s] of the facts in light of the evidence" or misapplications of "clearly established Federal law," 28 U.S.C. § 2254(d)(1) and (2), Ground 2 will be denied.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

/s/ Greg Kays
GREG KAYS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: April 15, 2013.